**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-62964-JTK**

**JEANNOT FERMILUS**

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, *et al.*,

Defendants.

_________________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Petitioner Jeannot Fermilus' Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. Petitioner is a citizen of Haiti who entered the United States pursuant to humanitarian parole on or about October 17, 2022. *Id.* ¶30. On or about October 13, 2026, Petitioner was detained by ICE and placed in removal proceedings subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).

Petitioner's argument is that detention is unlawful because he is being detained subject to § 1225(b)(2) when the applicable statute should be § 1226(a) for prior paroled detainees. The Court has addressed this issue in the past. *See Mesadieu v. U.S. Immigration & Customs Enf't*, - F. Supp. 3d -, No. 0:26-CV-62384, 2026 WL 2792854 (S.D. Fla. Sept. 10, 2026)

For temporary admissions of nonimmigrants, the government may at their discretion "parole into the United States temporarily under such conditions as he

may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). However, "such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole … have been served the alien shall forthwith return or be returned to the custody from which he was paroled[.]" *Id.* It follows that the alien's "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

The question the Court must resolve is whether the Petitioner is an arriving alien subject to § 1225(b)(2) or an alien unlawfully in the interior and therefore subject to § 1226(a). In *Hernandez Alvarez*, Eleventh Circuit held that noncitizens who enter the United States without inspection but are later apprehended in the interior of the country are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1275-85 (11th Cir. 2026). It follows that this Court is bound by the Eleventh Circuit's holding that distinguishes between "an alien who is an applicant for admission" and "an alien seeking admission". *Id.* at 1267-1275.

Thus, § 1225(b)(2)'s mandatory detention provision is applicable here. Petitioner was paroled and is now subsequently detained upon the termination of that parole. To conclude that such detainees are not subject to § 1225(b)(2) would be to read out the entirety of § 1182(d)(5)(A).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition is **DENIED.** The Clerk is directed to close this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of October, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record